```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                              Case No. 20-00298-RNO
Chenell Nyree Ragin                                                 Chapter 13
         Debtor                   CERTIFICATE OF NOTICE
District/off: 0314-5         User: AutoDocke            Page 1 of 1              Date Rcvd: Apr 07, 2020
                             Form ID: pdf002            Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 09, 2020.
db            +Chenell Nyree Ragin,    715 Franklin Ct,    East Stroudsburg, PA 18302-6673
5297649       +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
5295393       +Blue Ridge Communications,    PO Box 316,    Palmerton, PA 18071-0316
5295394       +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
5310847       +Carrington Mortgage Services, LLC,    1600 South Douglass Road,    Anaheim, CA 92806-5951
5295395       +Citi,   Po Box 6241,    Sioux Falls, SD 57117-6241
5295396       +Country Club of the Poconos,    1445 Big Ridge Dr,    East Stroudsburg, PA 18302-6786
5295398        First Premier Bank,    PO Box 5524,    Sioux Falls, SD 57117-5524
5295399       +Geico,   5260 Western Avenue,    Chevy Chase, MD 20815-3799
5295400       +I C System,    Po Box 64378,   Saint Paul, MN 55164-0378
5295401       +Middle Smithfield Township,    147 Municipal Drive,    East Stroudsburg, PA 18302-9519
5295402        New York State Taxation & Finance Department,     Harriman Campus Rd,    Albany, NY 12226
5295404       +Pennsylvania Department of Revenue,    PO Box 281041,    Harrisburg, PA 17128-1041
5295405       +Reliant Capital,    670 Cross Pointe Rd,    Columbus, OH 43230-6862
5295407       +Usd/Glelsi,    Po Box 7860,   Madison, WI 53707-7860
5295408       +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5295397        +E-mail/PDF: creditonebknotifications@resurgent.com Apr 07 2020 20:37:39      Credit One Bank,
                 585 S. Pilot Street,    Las Vegas, NV 89119-3619
5300084        +E-mail/PDF: cbp@onemainfinancial.com Apr 07 2020 20:37:28      Onemain,    PO Box 3251,
                 Evansville, IN 47731-3251
5295403         E-mail/Text: cathy.plunkett@pennfoster.edu Apr 07 2020 20:19:56      Penn Foster,   925 Oak St,
                 Scranton, PA 18515
5305678        +E-mail/PDF: resurgentbknotifications@resurgent.com Apr 07 2020 20:37:50      PYOD, LLC,
                 Resurgent Capital Services,    PO Box 19008,    Greenville, SC 29602-9008
5298019         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 07 2020 20:20:25
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    PO BOX 280946,
                 Harrisburg, PA 17128-0946
5315679        +E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 07 2020 20:20:39      Premier Bankcard, Llc,
                 Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
5316902         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 07 2020 20:39:21      Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX  77210-4457
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5295406        Tolls By Mail,   PO Box 15183
                                                                                   TOTALS: 1, * 0, ## 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2020                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 7, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              Patrick James Best    on behalf of Debtor 1 Chenell Nyree Ragin patrick@armlawyers.com,
               kate@armlawyers.com;G29239@notify.cincompass.com;notices@nextchapterbk.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE:                | CHAPTER 13 |
|---|---|
| Ragin, Chenell Nyree  | CASE NO.:   –bk–   – |

☒ ORIGINAL PLAN

☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

  Number of Motions to Avoid Liens
1 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>Plan Payments From Future Income</u>

    1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 210,000.00, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | Month 1 (2/2020) | Month 60 (1/20205) | $982.82 | $2,517.18 | $3,500.00 | $210,000.00 |
    | | | | | Total Payments: | $210,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: (☒) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

    B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

    1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines.*

    ☐ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced*

    ☒ Certain assets will be liquidated as follows:

2

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of Click or tap here to enter text. from the sale of property known and designated as Click or tap here to enter text. All sales shall be completed by Click or tap to enter a date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Click or tap here to enter text.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: **Debtor will refinance property located at 715 Franklin Court, East Stroudsburg PA at or before month 60 and shall pay such proceeds to the plan necessary to pay all administrative, priority and secured claims provided for in the plan but not paid through the base plan in section 1a .**

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions**. *Check one.*

   ☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Carrington | 3185 | $2,517.18 |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification

3

of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Carrington | Residential Dwelling | $79,000.00 | Click or tap here to enter | $79,000.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Township of Middle Smithfield | Residential Dwelling | $14,000.00 | 0% | $14,000.00 |
| Carrington | Residential Dwelling | $2,517.18/mon conduit mortgage payment | 0% | $151,030.80 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| CCP | Residential Dwelling | $0.00 | 0% | $0.00 | Plan |

5

Imaged Certificate of Notice    Page 6 of 9

    **F. <u>Surrender of Collateral</u>.** *Check one.*

        ☒    None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    **G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

        ☒    None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

    **A. <u>Administrative Claims</u>**

      1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees</u>. Complete only one of the following options:

        a. In addition to the retainer of $ 2,000.00 already paid by the Debtor, the amount of $ 2,500.00 ($2,000.00 remaining attorney fee plus $500.00 for conduiting the mortgage) in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ Click or tap here to enter text. per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

        ☒    None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    **B. <u>Priority Claims (including, certain Domestic Support Obligations</u>**

    Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pa Dept of Revenue | $7,095.65 |

Rev 12/01/18

| Internal Revenue Service | $0.00 |
|---|---|

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon** *Check the applicable line:*

   ☒ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

7

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Click or tap here to enter text.

Dated: 1/29/2020          /s/ Patrick J Best, Esq
                          Attorney for Debtor

                          /s/ Chenell Nyree Ragin
                          Debtor

                          Click or tap here to enter text.
                          Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.